UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

LISA Y. MENSAH,

    Plaintiff,

vs.

CONVERGENT OUTSOURCING, INC.,

    Defendants.
_____/

Case No.

Jury Trial Demanded

## COMPLAINT

Plaintiff, Lisa Y. Mensah ("Plaintiff"), files suit against the Defendant, Convergent Outsourcing, Inc., ("Defendant") and alleges the following.

1.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 §§ *et seq.* ("FDCPA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1962 et seq.

2.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District (where Plaintiff resides in this District, and where Defendant transacts business in this District).

## PARTIES

3.    Plaintiff is a natural person who at all relevant times resided in Park Forrest, Illinois. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.    Defendant, at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as that term is defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTUAL ALLEGATIONS**

5. On January 14, 2015, the Defendant sent or caused to be sent to Plaintiff, via U.S. Mail, an initial collection letter attempting to collect a debt or financial obligation incurred by Plaintiff for primarily personal, family or household purposes (hereinafter the "Debt Collection Letter") and Plaintiff received it shortly thereafter. A copy of the Debt Collection Letter is attached hereto as **Exhibit A**.

6. The Debt Collection Letter is a "communication" pursuant to the FDCPA, 15 U.S.C. § 1692a(2).

7. In the Subject Letter, Defendant described Plaintiff's rights under 15 U.S.C. § 1692g(a)(4) by stating in pertinent part: "If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

8. 15 U.S.C. § 1692g(a)(4) provides in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> *********
>
> a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector (emphasis added).

9. Additionally, in the Subject Letter, Defendant described Plaintiff's rights under 15 U.S.C. § 1692g(a)(5) by stating in pertinent part: "If you request this office within 30 days after

receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor."

10. 15 U.S.C. § 1692g(a)(5) provides in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> *********
>
> a statement that, upon the consumer's **written** request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor (emphasis added).

11. Defendant violated the FDCPA by failing to notify Plaintiff that (under 15 U.S.C. § 1692g(a)(4) and g(a)(5)) she had to request **in writing**, within the 30 day period, a verification of the debt and the name and address of the original creditor. *See, e.g., Welker v. Law Office of Daniel J. Horowitz*, 699 F.Supp.2d 1164 (S.D. Cal. 2010); *see also Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 217 F.Supp.2d 336, 340 (E.D.N.Y.2002) ("Without a statement that [the requests under sub-section g(a)(4) & g(a)(5) ] must be in writing, the least sophisticated consumer is not simply uncertain of [her] rights under the statute, [she] is completely unaware of them." (internal citation omitted) ; *see also Bicking v. Law Offices of Ruberstein and Cogan*, 783 F.Supp.2d 841, 844 (E.D. Va. 2011)("[s]everal district courts have confronted this precise issue in recent years. As far as this Court can tell, ***all of them*** have held that a debt collector's failure to include the "in writing" requirement violates subsections (a)(4) and (5) of Section 1692g.") ; *see also Beasley v. Sessoms & Rogers, P.A.*, No. 5:09–CV–43–D, 2010 WL 1980083, at *6–7, 2010 U.S. Dist. LEXIS 52010, at *18–19 (E.D.N.C. Mar. 1, 2010) (holding that failure to include "in writing" requirement violated § 1692g(a)(4)). .

12. Further, when consumers dispute debts orally, as opposed to in writing, debt collectors may simply ignore the consumer's dispute and continue their collection efforts without providing verification or the original creditor's identity. *See, e.g., Hinkle v. Midland Credit Management, Inc*., No. CV 313-033, 2015 WL 74267, at *5 (S.D. Ga. Jan. 6, 2015); *see also Osborn v. Ekpsz*, LLC 821 F. Supp. 2d 859, 869-870 (S.D. Tex. 2011) ("[I]f the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt"); *Withers v. Eveland*, 988 F. Supp. 2d 942, 947 (E.D. Va. 1997) ("Pursuant to § 1692g, however, if a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the F.D.C.P.A.; the debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by § 1692g(b)").

13. Thus, Defendant's collection letter misleads Plaintiff regarding substantive rights under the FDCPA.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. 1692 §** *et seq*.

14. Plaintiff incorporates by reference paragraphs 1 through 13 of this Complaint as though stated fully herein.

15. The foregoing act of Defendant constitutes a violation of 15 U.S.C. §§ 1692g, 1692g(a)(4) and 1692g(a)(5) by omitting the phrase "in writing", and 1692e(10) because it misleads Plaintiff regarding substantive rights.

16. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

**Date: July 20, 2015**

**DISPARTI LAW GROUP, P.A.**

__/s/ Lawrence Disparti_____
Lawrence Disparti, Esq.
IL Bar No. 6307432
ldisparti@dispartilaw.com
100 North LaSalle Street, Suite 1616
Chicago, IL 60602
(312) 506-5511
*Attorneys for Plaintiff*